JAMES McLELLAN & *al. vs.* ABNER W. TURNER.

Where a testator directed his debts first to be paid, and gave all the residue of his real and personal estate to his wife, so long as she remained his widow, and if she should marry again, directed that two thirds of his estate, remaining in her hands at the time, should be divided among his children and their heirs; and if she should not marry, that whatever of his estate should remain at her decease, after paying funeral charges, should be divided among his children; and also gave her an article of personal property, not to be inventoried; and where she did not marry again; the widow took but a life estate in the land.

Where there are no words of limitation or inheritance in a devise of land, and the *estate,* with or without the personal property, is charged with the payment of debts, the devisee takes but an estate for life; but if the charge be upon the *devisee,* he takes an estate in fee.

WRIT of entry. The case was submitted on a statement of facts agreed by the parties. *Simeon Turner,* being seized of the demanded premises, made his last will and testament in these words, the formal parts only being omitted. " After my just debts and funeral charges are paid, I give and bequeath unto my beloved wife *Sarah Turner* all my real and personal estate, so long as she remains my widow. And in case she should marry again, then in that case two thirds of my estate remaining in her hands at that time is to be divided among my children and their heirs. And if she should not marry again, in that case at her decease, what of my estate may then remain, after paying her funeral charges, to be divided to and among my children in equal shares, to them and to their heirs forever. I do give to my wife *Sarah* my horse and chaise, and they are not to be inventoried as a part of my estate. And my wife *Sarah* to be my sole executrix." The will was proved in *October,* 1805. The widow did not marry again, and died intestate in 1826. Various conveyances and descents are given in the statement, but it is enough to state, that if the widow by the will took *only a life estate* in the land, *the demandants* are entitled to recover; but if she *took a fee simple estate,* the *defendant* should prevail.

The case was argued in writing, by *Mellen* and *Randall,* for the demandants, and by *Groton* and *Tallman,* for the tenant.

The demandants' counsel cited *Co. Lit.* 42, *a ;* 2 *Bl. Com.* 121; 2 *Bac. Ab.* 272; *Carle* v. *Thomas,* 4 *Greenl.* 341; *Minot* v.

*Prescott*, 14 *Mass. R.* 495 ; *Bates* v. *Webb*, 8 *Mass. R.* 458 ; 6 *Cruise*, 279 ; *Noy*, 80 ; *Stevens* v. *Winship*, 1 *Pick.* 318 ; 16 *Johns. R.* 537 ; *Willes*, 141 ; 1 *Ves. & B.* 466. They contended, that they had established these two propositions. 1. That only a life estate was given to the widow. 2. That no power was given to her by the will to dispose of the fee of the estate, express or implied, or on any contingency ; and that no evidence appears, that she attempted it.

The points attempted to be sustained by the counsel for the tenant will be seen in the opinion of the Court. They cited *Parsons* v. *Winslow*, 6 *Mass. R.* 174 ; *Stevens* v. *Winship*, 1 *Pick.* 325.

The case was continued for advisement, and the opinion of the Court, subsequently drawn up by

SHEPLEY J. — By the language of the will, "I give and bequeath unto my beloved wife all my real and personal estate so long as she remains my widow," the devisee took an estate for life subject to be defeated by her marriage, unless an intention to give a different estate can be inferred from the use of other language.

The argument is, that an intention not to use the words, *so long as she remains my widow*, as giving an estate *durante viduitate*, or for life, may be inferred from the clause of disposition in case of her marriage. The true intent being only to take the estate from her in case she should marry. The same design is also inferred, because in case of her marriage there is no devise over at her decease of the one third, which she was permitted to retain. This argument is opposed to the declared intention of the testator, that in case she did not marry, the estate at her decease should be divided among his children. The last clause in the will also shews an intention to give by the first clause only an estate for life. For after giving her all his real and personal estate by the first clause, he in the last, gives her his horse and chaise not to be inventoried as part of his estate ; clearly implying, that she was to dispose of that, as she pleased and in a different manner from the rest, which, it is implied, was to be inventoried and accounted for.

Again it is insisted, that she had a power of disposal, and therefore took a fee. This power is inferred from several expressions

used in the will. Those principally relied upon are, " after my just debts and funeral charges are paid ;" " remaining in her hands ;" " what of my estate may then remain after paying her funeral charges." It is very difficult to infer the power contended for from such phraseology. Payment of his debts and funeral charges was to be made before she could take the estate in any manner. She was to take only what remained after they were paid ; and it was not necessary, that she should dispose of any part of what she did take for that purpose. The other expressions would be appropriate to shield her from accountability for the destruction and delay incident to the use ; or would be explained by their connexion. If it were admitted, that a power of disposal existed, she would not take a fee, there being an express devise to her for life. *Cruise's Dig. tit.* 38, *c.* 13, § 6.

It is further argued, that the devise is equivalent to one of all the real and personal estate for the payment of debts, and therefore is a devise of a fee. Reasons have been given for not admitting such a construction ; but if it were admitted, that the estate was charged with the payment of the debts, the result contended for would not follow. For where there are no words of limitation, or inheritance, and the charge is upon the estate, the devisee takes only for life. It is otherwise if the charge is upon the devisee. This was settled by the case of *Denn* v. *Mellor,* which was much examined in the King's Bench, Exchequer Chamber, and House of Lords, where the judgment of *K. B.,* which had been reversed, was affirmed by the unanimous opinion of the Judges. 5 *T. R.* 558 and 2 *B. & P.* 247. The same rule may be regarded as established in this country. *Jackson* v. *Bull,* 10 *Johns. R.* 148, where the *English* cases are collected and examined by *Kent C. J. ; Gardner* v. *Gardner,* 3 *Mason,* 211 ; *Wright* v. *Denn,* 10 *Wheat.* 231, where *Justice Story* says the authority of *Denn* v. *Mellor* has never been broken in upon.

The words, " all my real and personal estate" are much relied upon as exhibiting an intention, according to legal rules and decided cases, to give a fee. In this case those words are followed by the words so long as she remains my widow. If it were not so, the cases would not authorize a construction that would carry a fee. In the case of *Doe* v. *Allen,* 8 *T. R.* 497, the testator directed

McLellan *v.* Turner.

his debts to be paid out of his personal estate, and in case that was insufficient charged his real estate, and then devised " all my messuages, lands, tenements, and hereditaments whatsoever," and it was decided, that the devisee took no more than an estate for life.

In the case of *Denn* v. *Mellor*, the devise was of " all the rest of my lands, tenements and hereditaments," and also of all his personal estate after payment of his debts; and the decision was, that the devisee took an estate for life, there being no charge upon the devisee. It is unnecessary to refer to other cases, as the doctrine appears to be too well established to be shaken. When the intention can be ascertained, the law will not allow it to be defeated, because the testator has not used appropriate language to convey his meaning. In this case, there is not only an absence of words of inheritance, but an express limitation during widowhood or for life, and a devise over, shewing clearly an intention to give a life estate only; and upon the application of legal rules established by decided cases, to the language, it will not be found to give the devisee more than an estate for life.

*Judgment for the plaintiffs.*